IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

REGINALD PERKINS,

    Petitioner,

vs.                    No. 04-2984-D/V

T.C. OUTLAW,

    Respondent.

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Reginald Perkins, Bureau of Prisons inmate registration number 23600-044, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 2, 2004. Perkins paid the habeas filing fee on December 8, 2004. The Clerk shall record the respondent as FCI-Memphis warden T.C. Outlaw.

On July 29, 1994, a federal grand jury sitting in the Eastern District of Missouri returned a four-count indictment against Perkins. The first count charged Perkins with violating 18 U.S.C. § 922(g), the second and third counts charged violations of 21 U.S.C. § 841, and the fourth count charged a violation of 18

U.S.C. § 924. Pursuant to a written plea agreement, Perkins appeared before District Judge Stephen N. Limbaugh on November 15, 2004 to enter a guilty plea to the first count of the indictment. Judge Limbaugh conducted a sentencing hearing on March 17, 1995, at which time Perkins was sentenced to two hundred four (204) months imprisonment, to be served consecutively to one or more Missouri sentences, and to be followed by three years of supervised release. Judgment was entered on March 23, 1995. The United States Court of Appeals for the Eighth Circuit affirmed. United States v. Perkins, No. 95-1744, 1995 WL 564526 (8th Cir. Sept. 25, 1995) (per curiam).

On April 28, 1997, Perkins filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri alleging ineffective assistance of counsel. Judge Limbaugh issued an order denying the motion on August 27, 1997. Perkins v. United States, No. 4:97-cv-00851-SNL (E.D. Mo.). Perkins filed a motion to clarify or for reconsideration on September 8, 1997, which was denied on September 11, 1997. Perkins did not appeal the dismissal of his § 2255 motion.

Subsequently, on February 18, 2004, Perkins filed a motion in his criminal case seeking jail credit. Judge Limbaugh denied that motion for lack of jurisdiction on March 26, 2004. Perkins filed a motion for reconsideration on August 25, 2004, which was denied on August 30, 2004.

Perkins has now filed a petition pursuant to 28 U.S.C. § 2241, in which he raises a number of issues that are not clearly articulated. First, Perkins contends that his federal sentence should not have been made to run consecutive to his state sentences. Second, he contends that he is actually innocent of a sentencing enhancement that was supposedly imposed pursuant to § 4B1.4(b)(3)(A) of the United States Sentencing Guidelines, which concerns armed career criminals, on the ground that the drug charges were dismissed at sentencing. Third, he asserts that his sentence as an armed career criminal violates his Sixth Amendment right to a jury trial. The fourth issue seems to be identical to the third, except that the plaintiff asserts that the judicial factfinding renders him actually innocent of the armed career criminal designation. On February 16, 2005, Perkins submitted a document, entitled "Motion for Judicial Notice," advising the Court of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005).

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."

Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied

4

permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[1]

Moreover, in order to obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit

---

[1] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, the petition discloses that Perkins raised his challenge to the imposition of a consecutive sentence on direct appeal and in his § 2255 motion. The Eighth Circuit summarily rejected Perkins's challenge to his sentence, stating that "the controlling law is clear." United States v. Perkins, 1995 WL 564526, at *1. This Court does not have the authority to overrule decisions of the Eighth Circuit.

The second issue raised by Perkins, that the district court erred by sentencing him as an armed career criminal because he did not plead guilty to the drug charges, was available to him when he was sentenced, on direct appeal, and when he filed his §

6

2255 motion. Under these circumstances, the § 2255 remedy is not inadequate or ineffective and these issues cannot be raised in a petition pursuant to 28 U.S.C. § 2241.

The third and fourth issues raised by Perkins appear to rely on the Supreme Court's recent decisions in Booker and in Blakely v. Washington, 124 S. Ct. 2531 (2004), which Perkins does not cite. Perkins is not entitled to relief pursuant to Blakely and Booker for several additional reasons. First, these claims go to the imposition of Perkins's sentence rather than its execution, making them inappropriate for a § 2241 petition. See supra pp. 3-4.

Second, the Sixth Circuit has held that a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2004), claim cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Perkins has no valid argument that he is actually innocent, he cannot raise his Blakely and Booker claims in a § 2241 petition.

Third, Perkins has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Blakely and Booker claims. In particular, he has not explained why he did not seek leave from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3), for leave to file a second or successive § 2255 motion.

7

As Perkins is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v.

8

Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the

9

> party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this __18__ day of April, 2005.

```
                                    /s/ Bernice Bouie Donald
                                    BERNICE B. DONALD
                                    UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02984 was distributed by fax, mail, or direct printing on April 19, 2005 to the parties listed.

---

Reginald Perkins
23600-044
P.O. Box 34550
Memphis, TN 38184

Honorable Bernice Donald
US DISTRICT COURT